1  KATHLEEN BLISS
   Nevada Bar No. 7606
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
3  Las Vegas, Nevada 89118
   702.893.3383
4  FAX: 702.893.3789

5  Attorney for the Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-cr-269-APG-PAL |
|---|---|
| Plaintiff, | |
| vs. | MOTION TO CLARIFY CONDITIONS OF SUPERVISED RELEASE |
| MYONG HO PAK, | |
| Defendant. | |

    This is Defendant Myong Ho Pak's MOTION TO CLARIFY the conditions of his supervised release. On September 8, 2014, Mr. Pak entered a plea of guilty to an Information charging him with one count of tax evasion, in violation of 26 U.S.C. § 7201. The Court sentenced Mr. Pak to three years' probation on December 10, 2014. *See Judgment, Doc. 18.* In addition to the standard conditions and other special conditions of release, the Court ordered Mr. Pak to serve the first six months of his probation on home confinement. *Id.* Mr. Pak now respectfully requests the Court to clarify the conditions of release to permit Mr. Pak to make extremely limited business-related trips to California while on home confinement.

    In sentencing Mr. Pak to probation rather than incarceration, the Court was particularly cognizant of the instrumental role Mr. Pak plays in keeping his business, Yama Sushi, operational and its 63 employees working. *See Sentencing Transcript, Doc. 19* at 22:12-17. Although the



4843-6213-0209.1

1  Court imposed the special condition of home confinement for the first six months of probation, it
2  also encouraged Mr. Pak to "keep [his] business running to help the employees and other
3  businesses that benefit from [it][.]" *Id.* at 22:8-11. Fulfilling the Court's wishes and keeping
4  Yama Sushi operational requires Mr. Pak to make sparse, brief trips to California to engage and
5  negotiate with nearly a dozen vendors and wholesalers, and to inspect and contract for the fish that
6  Mr. Pak imports to his Las Vegas restaurant in significant amounts. Therefore, Mr. Pak
7  respectfully requests the Court to clarify its conditions of home confinement to include business
8  trips to California, not to exceed one trip per month, three days and two nights per trip.

9  Mr. Pak proposes several procedures in connection with the travel to safeguard the
10 strictness and punitive nature of his home confinement. Mr. Pak shall notify his probation officer
11 no less than 24 hours prior to his departure to California. Mr. Pak shall also provide his probation
12 officer with a detailed itinerary, including his departure date, flight reservations (if any), hotel
13 reservations (if any), and date and time of return. Mr. Pak shall then notify his probation officer
14 no less than 24 hours after his return. In this way, the Court and Probation can be assured that Mr.
15 Pak's travel is necessary, and as infrequent and brief as possible.

16 Undersigned counsel conferred with the Government and Probation regarding this motion
17 for clarification on January 27, 2015. The Government indicated it has no position on the motion,
18 and defers to Probation. Probation stated that it has no objection to the travel or the proposed
19 procedures. Probation also stated that, in its opinion, Mr. Pak's time in California should not count
20 toward his term of home confinement, and that each night he spends in California should result in
21 an additional day on the back end of his six months' confinement. Because the limited business
22 trips Mr. Pak proposes are necessary to continue Yama Sushi's operation, as the Court encouraged,
23 and will be infrequent and brief, Mr. Pak maintains that additional days should not be added to his
24 //
25 //
26 //
27 //
28 //



4843-6213-0209.1                                     2

term of home confinement for time spent working in California. Accordingly, Mr. Pak respectfully requests that the Court clarify its special conditions to allow Mr. Pak to travel for business to California once per month, for no longer than three days, and that such trips not result in additional time of home confinement.

Respectfully submitted this 27th day of January,

By: /s/ *Kathleen Bliss*
KATHLEEN BLISS
Attorney for Myong Ho Pak

### ORDER

Based upon defendant Myong Ho Pak's Motion to Clarify, and good cause appearing,

**IT IS HEREBY ORDERED** that defendant Myong Ho Pak's Motion Clarify is GRANTED. The Court's imposition of six months' home confinement as part of defendant's special conditions of release is clarified as follows:

1. The defendant shall be permitted to travel to California once per month, up to three days per trip, for the duration of his term of home confinement for purposes of conducting business related to his ownership of restaurant Yama Sushi.

2. The defendant shall notify his probation officer at least 24 hours prior to departure from Las Vegas, and shall notify his probation officer within 24 hours upon his return to Las Vegas. The defendant shall provide his probation officer with a detailed itinerary of his trip prior to departure, including: departure date, flight reservations (if any), hotel reservations (if any), and date and time of return.

3. The time the defendant spends in California as part of operating Yama Sushi ~~SHALL~~/SHALL NOT count toward completion of his six months' home confinement.

DATED this 28th day of January 2015.

The Honorable Andrew P. Gordon
United States District Judge

4843-6213-0209.1                                   3